## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

SHEILA STANTON

VERSUS

TYRONE DONALDSON ET AL

CASE NO. 1:18-CV-01364

JUDGE DRELL

MAGISTRATE JUDGE PEREZ-MONTES

### MEMORANDUM RULING

Before the court is defendant Great American Assurance Company's ("GAAC")motion for summary judgment in which it seeks dismissal of all claims against it arguing a policy exclusion that precludes coverage when the insured is "in the business of any lessee" is applicable to the facts in this case. Plaintiff Sheila Stanton and Defendant Tyrone Donaldson filed oppositions to the motion for summary judgment claiming the exclusion inapplicable because Donaldson was *not* "in the business of" A&T McGaha Trucking, LLC ("McGaha") at the time of the accident. Neither Plaintiff Russell Stanton nor Defendants McGaha and Prime Insurance Company filed a response. For the reasons contained herein, GAAC's motion shall be GRANTED.

### I.    Facts

This case arises out of a motor vehicle accident that occurred on October 8, 2018, at the intersection of Louisiana highways 1207 and 28 in Rapides Parish, Louisiana. On that date, Sheila Stanton was driving a 2007 Ford Taurus northbound on Hwy 1207 and Tyrone Donaldson was driving a 2007 Peterbilt Conventional commercial truck and pulling a utility flatbed trailer eastbound on Louisiana Highway 28.

Davidson was returning home to Mississippi *after completing a delivery* for McGaha in Texas.[1] As he approached the intersection of highways 1207 and 28 he noticed Stanton who had entered the intersection. Though Donaldson veered to the left to avoid the accident, he collided with the Ford Taurus.

Stanton and her husband, Russell Stanton, filed suit in October 2018 against Donaldson, McGaha, United Specialty Insurance Company (as McGaha's insurer) and ABC Insurance (as the fictitious name for Davidson's insurer). In January 2019, Plaintiffs amended to replace United Specialty Insurance with Prime Insurance Company and ABC Insurance Company with Great American Insurance Company. GAAC answered noting its proper name and acknowledging it issued a Non-Trucking Liability policy (policy number GTP 2530456-00) to Tyrone Donaldson that was in effect at the time of the accident. However, GAAC denied coverage existed citing an the "Trucking or Business Use" exclusion in the policy.

## II.    Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011) (internal citations omitted). It is important to note that the standard for summary judgment is two-

---

[1] At the time of the accident was a lease agreement Donaldson entered into with A&T McGaha Trucking, LLC whereby Donaldson leased his 2007 Peterbilt tractor and 2014 flatbed utility trailer to McGaha for the purpose of "loading and transporting such property as lessee may require...." (Doc. 38-5).

fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claim. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). The nonmoving party must establish the existence of a genuine issue of material fact for trial by showing the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986); <u>Duffy v. Leading Edge Products, Inc.</u>, 44 F.3d 308, 312 (5th Cir.1995). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof. <u>Id.</u> "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." <u>Duffy</u>, 44 F.2d at 312, citing <u>Anderson v Liberty Lobby</u>, 477 U.S. at 247.

### III.    Applicable Law

"The interpretation of an insurance contract presents a question of law, rather than fact, and therefore is an appropriate matter for determination by summary judgment. <u>Martco Ltd. Partnership v. Wellons, Inc.</u>, 588 F.3d 864, 878 (5th Cir. 2009) (Citations omitted). "Louisiana law provides that an insurance policy is a contract between the parties and should be construed using the general rules of contract interpretations set forth in the Louisiana Civil Code." <u>First Am. Bank v. First Am. Transp. Title Ins. Co.</u>, 585 F.3d 833, 837 (5th Cir.2009). "An insurance policy is a contract between the insured and insurer and has the effect of law between them." <u>Gorman v. City of Opelousas</u>, 148 So.3d 888, 892 (La. 2014). "The role of the judiciary in interpreting an

insurance contract is to ascertain the common intent of the insured and insurer as reflected by the words of the policy." Id. (quoting Peterson v. Schimeck, 729 So.2d 1024, 1028 (La.1991)); See also La. Civ. Code art 2045. "When the words of an insurance contract are clear, explicit and lead to no absurd consequences, courts must enforce the contract as written and make no further interpretation in search of the parties' intent." Id. (quoting Peterson at 1028); see also La. Civ. Code. art 2046. "The words of a contract must be given their general prevailing meaning." La. Civ. Code art 2047. "Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include." La. Civ. Code. art. 2051. "In the case of doubt that cannot otherwise be resolved, a provision in a contract must be interpreted against the party who furnished its text." La Civ. Code art 2056.

As stated by the Louisiana Supreme Court:

> The purpose of liability insurance is to afford the insured protection from damage claims. Policies therefore should be construed in effect, and not to deny, coverage. Thus, a provision which seeks to narrow the insurer's obligation is strictly construed against the insurer, and if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied.

> It is equally well settled, however, that subject to the above rules of interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy.

Reynolds v. Select Props., Ltd., 634 So.2d 1180, 1189 (La.1994) (Internal citations, footnotes omitted).

The insured bears the burden of proving a policy of insurance affords coverage for an incident. Jones v. Estate of Santiago, 870 So.2d 1002, 1010 (La.2004). The insurer bears the burden of proving the applicability of an exclusionary clause within a policy. Id. "Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless

there is no reasonable interpretation of the policy, when applied to the undisputed material facts

show by the evidence supporting the motion, under which coverage could be afforded." Id.

## IV.   Analysis

At issue in this case is whether or not the "Trucking or Business Use" exclusion relied upon

by GAAC precludes coverage in this case.  The exclusion provides:

> Bodily injury or property damage arising out of any accident which occurs while the covered auto is being used in the business of any lessee or while the covered auto is being used to transport cargo of any type.  For purposes of this exclusion the phrase "in the business of any lessee" means any of the following uses of the covered auto:
>
> a.   for the benefit of or to further the interest of any lessee or when conducting business of any type;
> b.   by any person or organization acting within the scope of employment by any lessee;
> c.   by any person or organization acting under the direction, control or dispatch of any lessee.
> d.   while traveling to or from any location for the purpose of picking up, delivering or transporting cargo on behalf of any lessee; or
> e.   while traveling between any location where the covered auto is regularly garaged and
> > (i)     any terminal or facility of the lessee; or
> > (ii)    any other location,
> for the purpose of picking up, delivering or transporting any cargo; or
> f.   while traveling from:
> > (1) any terminal or facility of any lessee, or
> > (2) any location at which the covered auto was present for the purpose of picking up, delivering, or transporting cargo, to any location where the covered auto is regularly garaged.

(Doc. 38-4, p.12).

The parties debate whether Donaldson was "in the business of" McGaha at the time the

accident occurred.  Stanton and Donaldson cite the Louisiana Fourth Circuit Court of Appeals case

of LeBlanc v. Bailey, 700 So.2d 1311 (La. Ct.App. 4 Cir.1997) contending we should follow the

case because it sets forth the test on what it means to be "in the business of" a lessee.  We disagree

for several reasons. First, we do not find the term "in the business of" to be ambiguous. The policy clearly defines "in the business of a lessee" by setting forth six specific instances in which an insured would find himself "in the business of" his lessee. Second, we find <u>LeBlanc</u> inapposite as that policy, unlike the instant policy, did not contain language defining "in the business of." Accordingly, the court was required to define the term itself; thus, the advent of the test.

Having found the policy language clear an unambiguous, we now turn to the application of the exclusion to the facts of this case. Though GAAC argues subsections c and d apply to the case and preclude coverage, we find otherwise. Donaldson was not "acting under the direction, control or dispatch of any lessee" as required by subsection c nor was he traveling from Texas for the purpose of picking up, delivering or transporting cargo on behalf of McGaha as required by subsection d. According to Donaldson's own deposition testimony, he was returning home after having picked up, transported and delivered McGaha's cargo, and though he could have been called on by McGaha to make another run, he was free to do as he wanted until he received such a call. (Doc. 38-6, p7-8).

We do find, however, that subjection f is a clear and solid basis upon which to deny coverage. Donaldson was traveling from a location at which the covered auto, Donaldson's 2007 Peterbilt, was present for the purpose of delivering cargo and he was headed to the location where he regularly garaged the tractor. Again, Donaldson's deposition testimony was that he was headed home, the place that he regularly garaged his tractor. Thus means, for purposes of this policy and its terms, conditions and exclusions, Donaldson was indeed still in McGaha's business at the time of the accident. Claims against GAAC are excluded and suit against GAAC must be dismissed.

## V. Conclusion

For the reasons contained herein, GAAC's motion should be granted and all claims against it dismissed with prejudice. The court will issue a judgment in conformity with these findings.

**SIGNED** this _16_ day of March 2020, at Alexandria, Louisiana.

**DEE D. DRELL, JUDGE**
**UNITED STATES DISTRICT COURT**